IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM H. SEWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-1743-LPS |
| | : | |
| ANDREW M. SAUL, Commissioner of | : | |
| Social Security Administration,[1] | : | |
| | : | |
| Defendant. | : | |

William H. Sewell, Seaford, Delaware, Pro Se Plaintiff

David C. Weiss, United States Attorney for the District of Delaware, Wilmington, Delaware

Heather Benderson and Dana White Griffin, Special Assistant United States Attorneys, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania

Brian C. O'Donnell, Acting Regional Chief Counsel, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania

    Attorneys for Defendant

**MEMORANDUM OPINION**

September 28, 2020
Wilmington, Delaware

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019.  Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for Nancy A. Berryhill, Acting Commissioner of Social Security who was named as the defendant in this suit.

**STARK, U.S. District Judge:**

I.  **INTRODUCTION**

Plaintiff William H. Sewell ("Sewell" or "Plaintiff"), who appears *pro se*,[2] appeals the decision of Defendant Andrew M. Saul, Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his applications for Social Security disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 401-34, 1381-1383f. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Pending before the Court are the parties' cross-motions for summary judgment. (D.I. 42, 43) Plaintiff seeks an order for Defendant to pay him "back social security income." (D.I. 42) The Commissioner asks the Court to affirm the decision denying Plaintiff's claims for DIB and SSI. (D.I. 44 at 10) For the reasons stated below, the Court will deny Plaintiff's motion for summary judgment and will grant Defendant's motion.

II.  **PROCEDURAL HISTORY**

On May 27, 2011, Plaintiff protectively filed applications for DIB and SSI benefits alleging disability beginning on November 15, 2008 due to seizures. (D.I. 18-3 at 7, 8; D.I. 18-5 at 20-35; D.I. 18-6 at 6) The claim was denied on September 15, 2011 and upon reconsideration on April 9, 2012. (DI. 18-3 at 7-10; D.I. 18-4 at 7-11, 18-25) Plaintiff filed a request for a hearing on June 6, 2012. (D.I. 18-4 at 24-25) On November 5, 2013, a hearing was held before an Administrative Law Judge ("ALJ"), at which Plaintiff and an impartial vocational expert

---

[2] During the course of this case Plaintiff was provided counsel. (D.I. 38) However, Plaintiff and counsel had a fundamental difference of opinion on how to proceed, and the Court granted counsel's motion to withdraw. (D.I. 39, 40)

1

testified. (D.I. 18-2 at 33-68) At the time of the hearing, Plaintiff was incarcerated and testified by telephone from prison. (D.I. 18-4 at 61) On March 10, 2014, the ALJ issued her decision finding that Plaintiff was not disabled. (D.I. 18-2 at 13-26) The decision was mailed to Plaintiff at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, where he was incarcerated. (D.I. 18-2 at 10) On June 4, 2014, Plaintiff filed a request for review by the Appeals Council. (D.I. 18-2 at 7-9) The record indicates that by then, Plaintiff was no longer incarcerated. (*Id.*) Plaintiff's request for review states that he was in jail for "eleven months only." (*Id.* at 7) The Appeals Council denied the request for review on September 10, 2015, and the ALJ's decision became the final decision of the Commissioner. (D.I. 18-2 at 4-6) The Appeals Council decision was mailed to Plaintiff's home address. (*Id.*)

On December 4, 2017, Sewell commenced this action, seeking judicial review of the ALJ's decision. (D.I. 1) At that time, Plaintiff was again incarcerated at SCI. (D.I. 18-2 at 2-3) On August 28, 2018, the Appeals Council gave Plaintiff additional time to file a civil action for the purpose of reviewing the March 10, 2014 decision and, thus, his civil action is deemed timely filed. (D.I. 18-2 at 2)

Plaintiff alleges that on November 16, 2015, while he was incarcerated at SCI, he was called by a counselor to attend a teleconference about his disability claims (*i.e.*, "the second disability claim") with "an unknown SSI disability social worker."[3] (D.I. 1 at 5) Plaintiff alleges that he never heard from the SSI social worker again. (*Id.*) He was released from prison

---

[3] While not clear, it appears that at some point in time, Plaintiff filed a second claim for disability benefits. This claim is not before the Court. Only the claim for DIB and SSI benefits presumptively filed on May 27, 2011 is before the Court.

and filed for disability benefits on March 4, 2016 (*i.e.*, "the third disability claim").[4] (*Id.*) Plaintiff alleges that he was informed by a disability social worker that his claim (presumably his second disability claim) was denied. (*Id.*) Plaintiff also alleges that, because he never received the denial or decision letter, he could not appeal the decision. (*Id*. at 6) The Complaint alleges that, when the disability social worker told him about the denial on March 4, 2016, she also told Plaintiff he was entitled to all backpay because, when he was interviewed on November 16, 2015, Social Security knew where he was (*i.e.*, at SCI), and it did not send the denial letter to him.

Sewell filed his motion for summary judgment on June 3, 2020 (D.I. 42) and, in turn, the Commissioner filed a cross-motion for summary judgment on July 6, 2020 (D.I. 43).

## III. THE ALJ'S FINDINGS

On March 10, 2014, the ALJ issued her findings. (D.I. 18-2 at 13-26) The ALJ found that Sewell met the insured status requirements of the Social Security Act through September 30, 2009. The ALJ applied the five-step sequential evaluation process for evaluating disability claims, *see* 20 C.F.R. §§ 404.1520(a), 416.920(a),[5] finding as follows:

1. Sewell has not engaged in substantial gainful activity since November 15, 2008, his alleged disability onset date. *See* 20 C.F.R. §§ 404.1571, 419.971.

---

[4] It seems that Plaintiff filed a third claim for benefits on March 4, 2016. This claim is not before the Court.

[5] The Commissioner follows a five-step sequential evaluation process in evaluating DIB and SSI claims. The Commissioner considers, in sequence, whether a claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that meets or equals the requirements of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520, 416.920. If the Commissioner finds conclusively that a claimant is disabled or not disabled at any point in the sequence, review does not proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

2. Sewell has the following severe impairments: alcohol abuse, seizure disorder secondary to alcohol abuse, left shoulder degenerative joint disease and impingement with adhesive capsulitis, cervical spondylosis, and depression. *See* 20 C.F.R. §§ 404.1508, 404.1509, 404.1521, 416.908, 416.909, 416.921.

3. Sewell does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1. *See* C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

4. Sewell retained the ability to perform a range of medium work prior to December 5, 2012, but then was limited to a range of light work beginning December 5, 2012.[6] *See* 20 C.F.R. §§ 404.1567(b)-(c), 416.967(b)-(c). Since his alleged disability onset date, the ALJ further limited Sewell to work involving standing/walking and sitting six hours each per workday; no climbing of ladders or scaffolds; no exposure to dangerous heights or dangerous machinery; occasional overhead reaching on the left non-dominant side; no concentrated exposure to heat, humidity, or vibrations; understanding, remembering and carrying out simple entry-level, unskilled work with regularly scheduled breaks; non-public work with occasional contact with co-workers and supervisors.

5. Sewell is unable to perform his past relevant work.

6. Considering Sewell's age, education, work experience, and residual functional capacity, there are jobs that exist in the national economy that Sewell can perform. *See* 20 C.F.R. §§ 404.1569, 404.1569(a), 419.969(a).

7. Sewell has not been under a disability, as defined in the Social Security Act, from November 15, 2008, through the date of the March 10, 2014 decision. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

---

[6] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, it is determined that he or she can also do sedentary and light work. *See* 20 C.F.R. § 404.1567(c). Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities  If someone can do light work, it is determined that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. *See* 20 C.F.R. § 416.967(b).

## IV.     LEGAL STANDARDS

### A.     Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). A party asserting that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal

quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

### B. Review of the ALJ's Findings

The Court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, __U.S.__, 139 S. Ct. 1148, 1154 (2019). Substantial evidence has been defined as "more than a mere scintilla." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

The Third Circuit has explained that "a single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (*e.g*., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the inquiry is not whether the Court would have made the same determination but, rather, whether the Commissioner's conclusion was reasonable. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

In determining whether substantial evidence supports the Commissioner's findings, the Court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record. *See Monsour*, 806 F.2d at 1190. The Court's review is limited to the evidence that was actually presented to the ALJ. *See Matthews v. Apfel*, 239 F.3d 589, 593-95 (3d Cir. 2001). However, evidence that was not submitted to the ALJ can be considered by the Appeals Council or the District Court as a basis for remanding the matter to the Commissioner for further proceedings, pursuant to the sixth sentence of 42 U.S.C. § 405(g). *See Matthews*, 239 F.3d at 592.

Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 657 (D. Del. 2008) (internal quotation marks omitted).

## V.     DISCUSSION

Plaintiff alleges his constitutional rights were violated because he was not notified of the denial of what appears to be have been his second claim for disability benefits (i.e., not the claim that is the subject of the instant action) and that the lack of notice denied him the right to request a hearing or contest the decision. (D.I. 1 at 6)  In moving for summary judgment, Plaintiff asks the Court to enter an order "to pay him his back Social Security income." (D.I. 42 at 1)  His argument is as follows:

> 1.    The Social Security Administration relief benefit rules state that any person filing for Social Security benefits are supposed to receive those benefits from the time of filing;
>
> 2.    He incurred debts prior to filing for Social Security income;
>
> 3.    From the time he first filed for Social Security relief he encountered hardship due to his situation and from unfair treatment he received from authorities;
>
> 4.    He is struggling to obtain the necessities to sustain survival due to the coronavirus pandemic.

(*Id.* at 2)

It is far from clear from his filings if Plaintiff appeals the ALJ's March 10, 2014 decision denying his claim for disability benefits, or wishes instead to challenge the denials of his second or third claims for disability benefits.  Plaintiff seems to argue violations of his right to due process when he did not receive notice of the denial of his second claim for disability benefits and appears to contend that the alleged failure to receive notice entitles him to DIB or SSI backpay.

Defendant's cross-motion for summary judgment asks the Court to affirm the Commissioner's March 10, 2014 decision, which denied Plaintiff's first (2011) claim for disability benefits.  In addition, the Commissioner opposes Plaintiff's motion for

8

summary judgment on the grounds that Plaintiff does not, and cannot, provide any basis for entitlement to SSI benefits.  Defendant argues that Plaintiff is not entitled to backpay because a finding of disability is a prerequisite to entitlement to disability benefits, and Plaintiff was found not disabled.  Defendant further argues that none of the limited exceptions allowing payments of disability benefits prior to a formal determination of disability are applicable.

### A. Due Process

The Social Security record filed with the Court concerns Plaintiff's May 27, 2011 protective DIB and SSI applications, the ALJ's March 10, 2014 decision denying those applications based on a finding that Plaintiff was not disabled, and the September 10, 2015 denial by the Appeals Council of Plaintiff's request for review.  It appears that Plaintiff claims he did not receive notice of the March 10, 2014 decision or the September 10, 2015 denial. An allegation that an individual has "been denied due process of law by not receiving effective notice of [an SSA] determination" raises a colorable constitutional issue. *DeLeon v. Commissioner of Soc. Sec.*, 191 F. App'x 88  (3d Cir. 2006).

Social Security regulations reflect a presumption that claimants will receive notices from the Agency within five days after the date of the notice.  *See* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall

9

be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

Plaintiff provided no evidence to support his claim of a due process violation. To the contrary, the record reflects there was no violation. The record indicates that Plaintiff was provided notice of the ALJ's decision, as evidenced by when Plaintiff requested review by the Appeals Council. Likewise, that Plaintiff received notice of the denial by the Appeals Council is evidenced by Plaintiff's filing of this civil action. The record reflects that the ALJ's March 10, 2014 decision was mailed to Plaintiff at SCI where he was incarcerated and, when Plaintiff submitted his request for review to the Appeals Council, he provided a new address indicating that he was no longer incarcerated. (D.I. 18-2 at 8-12) The Appeals Council decision denying the request for review was mailed to that new address. (*Id.* at 18-2)

In reviewing the record, it is clear that Plaintiff received notice of the ALJ's decision and the Appeals Council's denial of the request for review. *See Cardyn v. Commissioner of Soc. Sec.*, 66 F. App'x 394, 396-97 (3d Cir. 2003) ("There is a presumption that the claimant received notice from the Appeals Council within five days from mailing."). Notices were sent to Plaintiff's home address that he provided and, when Plaintiff was again incarcerated, he sought additional time to file an appeal and was given the extension to file this action.

Thus, to the extent Plaintiff is alleging a due process violation with respect to the ALJ's March 10, 2014 decision, no genuine dispute of material fact exists and Defendant is entitled to judgment as a matter of law.

**B.     Backpay**

Plaintiff does not argue that the ALJ erred in finding him "not disabled."[7] Rather, his appeal rests upon his contention that Social Security rules "state that any person filing for Social Security benefits are suppose[d] to receive those benefits from the time of filing." (D.I. 42 at 2) But the ALJ's unchallenged finding that Plaintiff was "not disabled" means that he was ineligible for backpay. *See Green v. Berryhill*, 2019 WL 949256, at *1 (D.N.J. Feb. 27, 2019) (ALJ's finding of non-disability in relevant period meant claimant was ineligible for any DIB and SSI backpay for that period). Plaintiff could not have received disability benefits until he satisfied the required factors for eligibility, including, but not limited to, a formal determination of disability. *See* 42

---

[7] Even had Plaintiff challenged the ALJ's decision, summary judgment for the Commissioner would be warranted, since the Commissioner's final decision was supported by substantial evidence. The final responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner. *See Breen v. Commissioner of Soc. Sec.*, 504 F. App'x 96 (3d Cir. 2012) (citing 20 C.F.R § 404.1546(c)). Here, the ALJ considered the effects of Sewell's condition in relation to his ability to perform work. The ALJ found that Sewell has the severe impairments of alcohol abuse, seizure disorder secondary to alcohol abuse, left shoulder degenerative joint disease and impingement with adhesive capsulitis, cervical spondylosis, and depression.

It is clear from the ALJ's decision that the ALJ thoroughly reviewed Sewell's longitudinal treatment history and objective medical findings. (D.I. 18-2 at 16-24) The ALJ considered Plaintiff's medical records, relating both to his physical and mental health conditions, and provided explanations for assigning significant weight to the opinions of State agency medical consultants. The ALJ also considered Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms and explained why she found Plaintiff's statements not entirely credible. (*Id*. at 19)

Finally, the ALJ determined that Plaintiff could not perform his past relevant work and appropriately relied upon the testimony of a vocational expert who opined that Sewell was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id*. at 25) Substantial evidence supports the ALJ's decision, including the ALJ's evaluation of Plaintiff's residual functional capacity and determination that he was not disabled.

11

U.S.C. § 1381a-1382 (claimant is not eligible for SSI until, among other things, he is found disabled); 20 C.F.R. § 416.202 (same), § 416.501 (claimant may not be paid SSI for any period that precedes first month he satisfies eligibility requirements); 42 U.S.C. § 423(a)(1)(e) (finding of disability is prerequisite for eligibility and payment of DIB); 20 C.F.R. § 404.315 (explaining entitlement to disability benefits); § 404.316 (explaining that benefits begin with first month covered by your application in which you meet "all the other requirements for entitlement").

Nor are any of the limited exceptions allowing expedited disability payments prior to a finding of disability applicable in the instant case. *See* 20 C.F.R. § 416.931 (claimant who is found presumptively disabled and meets all other eligibility requirements for SSI benefits may be paid benefits prior to formal disability determination); § 416.932 (presumptive disability payment cannot be made for more than six months and start month claimant is found presumptively disabled); § 416.933 (claimant may be found presumptively disabled "if the evidence available at the time [the agency] make[s] the presumptive disability . . . finding reflects a high degree of probability that [he is] disabled"); § 416.934 (listing impairments that may warrant finding of presumptive disability, such as amputation of leg at hip, total deafness or blindness, bed confinement or immobility without wheelchair, stroke with marked difficulty in walking or using hand or arm). Plaintiff's alleged impairments did not rise to the necessary level of eligibility for a finding of presumptive disability. (*See* D.I. 18-6 at 26 ("The presumptive disability page details are not being displayed because there is no P[resumptive] D[isability] on this case.")) Indeed, Plaintiff was found not disabled at the initial level of consideration.

Under another scenario, a claimant previously found eligible for disability benefits may be entitled to have those benefits resume prior to a finding of disability. *See* 20 C.F.R. §§ 416.999, 416.999a (claimant is eligible for expedited reinstatement if he was previously eligible for benefit based on disability); *see also* 20 C.F.R. §§ 404.1592b; 404.1592c. Here, however, reinstatement is not available because there is no record evidence that Plaintiff was previously entitled to DIB or SSI benefits.

Finally, as Defendant correctly notes, Plaintiff would not have been entitled to any benefits during the period in which he was incarcerated. (*See* D.I. 18-2 at 13; D.I. 18-3 at 39-40; D.I. 18-5 at 28; *see also* 42 U.S.C. § 1382(e)(1)(A) (prohibiting payment of SSI benefits for any month in which recipient is inmate of public institution); 20 C.F.R. § 416.211 (claimant is not eligible for SSI while resident in public institution such as a prison), § 416.1325 (explaining suspension of benefits due to residency in public institution); 42 U.S.C. § 402(x)(1)(A)(i); 20 C.F.R. § 404.468(a))

Plaintiff is not entitled to backpay. Therefore, the Court will deny Plaintiff's motion for summary judgment on this issue.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's final decision was supported by substantial evidence, Plaintiff is not entitled to backpay, and Plaintiff's right to due process was not violated. Accordingly, the Court will deny Plaintiff's motion for summary judgment and will grant Defendant's cross-motion for summary judgment.

An appropriate Order will be entered.